11-2945-ag
Lin v. Holder

BIA
Weisel, IJ
A098 895 905

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand twelve.

PRESENT:
   JOSÉ A. CABRANES,
   GERARD E. LYNCH,
   CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

JI-QUING LIN, A.K.A. JIQING LIN,
        *Petitioner,*

        v.                                        11-2945-ag
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Charles Christophe, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Todd J. Cochran, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ji-Quing Lin, a native and citizen of the People's Republic of China, seeks review of a June 24, 2011, decision of the BIA affirming the July 2, 2009, decision of Immigration Judge ("IJ") Robert Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ji-Quing Lin a.k.a. Jiqing Lin*, No. A098 895 905 (B.I.A. June 24, 2011), *aff'g* No. A098 895 905 (Immig. Ct. N.Y. City July 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and IJ's opinions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The substantial evidence standard of review applies. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications, like Lin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination" on an asylum applicant's "demeanor, candor, or responsiveness,"

2

the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. Lin argues that the agency erred in finding implausible that he did not know the name of the woman who taught him Falun Gong because he called her "aunt," a title of respect. However, the agency did not err in finding it implausible that Lin would have practiced Falun Gong with an individual in a remote location for six months, having been introduced by his mother, and not know the name of that individual, and reasonably rejected Lin's explanation that he did not learn her name because he referred to her as "aunt" and because his mother was illiterate. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The agency further reasonably determined that Lin failed to corroborate his claim because he failed to provide

a letter from his mother.  We will not reverse a determination with respect to the availability of corroborating evidence unless "a reasonable trier of fact [would be] compelled to conclude that such corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4)(D); *see also Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563 (2d Cir. 2006). The agency was not required to credit Lin's convoluted and inconsistent explanation that he did not provide a corroborating letter from his mother because it was confiscated by Chinese authorities and that a second letter his mother provided arrived too late for his court appearance, particularly since Lin later stated that he lost this second letter and did not ask his mother to submit another letter because she was illiterate and, alternately, because he was working and did not think he needed the letter.  *See Majidi*, 430 F.3d at 81; *see also Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that "an applicant's failure to corroborate his testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").

Accordingly, the agency's adverse credibility determination was supported by substantial evidence.  That

determination provided an adequate basis for denying asylum, withholding of removal, and CAT relief because Lin's claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5